U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 12 2006
CLERK, U.S. DISTRICT COURT
By ________
Deputy

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WEST END SQUARE, LTD. | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. ________ |
| | § | 3-06CV1871-B |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, BOB THOMAS and LAUREEN LEHMAN | § § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, (hereinafter "Great American"), one of the Defendants in the above styled and numbered cause, files this, its Notice of Removal, and would show the Court as follows:

1. GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, BOB THOMAS and LAUREEN LEHMAN have been sued in a civil action styled Cause DC-06-09378-F; *West End Square, Ltd. v. Great American Insurance Company of New York,* in the 116th District Court, Dallas County, Texas (hereafter referred to as "the state court action"). The state court action was commenced on or about September 8, 2006. On September 12, 2006, Great American received citation and a copy of the petition, and at that time it was determined that diversity jurisdiction was proper, pursuant to 28 U.S.C. § 1332.

2. Defendant files this notice of removal pursuant to the provisions of 28 U.S.C. § 1441, *et. seq.*, to remove this action from the District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

3. Plaintiff, in its original petition, alleges that Defendant Great American Insurance

Company of New York ("Great American") wrongfully denied or delayed payment for claims for roof and water damage to the structure insured by Great American, thereby breaching the policy of insurance issued by Defendant to Plaintiff. Plaintiff further alleges that Defendant's actions in investigating and delaying or denying Plaintiff's claim for insurance benefits violated the Texas Insurance Code and Texas Deceptive Trade Practices Act. Plaintiff has also sued Laureen Lehman and Bob Thomas, the adjusters involved in this claim, for alleged violations of the DTPA and Texas Insurance Code.

4. This Court has original jurisdiction over this civil action under the provisions of 28 U.S.C. § 1332. Plaintiff, by nature of its citizenship and of its principal place of business, is a citizen of the state of Texas. Defendant Great American, by nature of its incorporation and of its principal place of business, is a citizen of the states of New York and Ohio. Defendant Lehman is also a citizen of the state of Ohio. Defendants contend that defendant Thomas is fraudulently joined in this action because it is clear that there can be no recovery on the causes of action alleged under Texas law from Thomas. *See Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied,* 376 U.S. 949 (1964). *See,* Brief In Support of Removal of Action, attached hereto as Exhibit A. Defendant Thomas cannot be liable to the Plaintiff in the capacity in which he has been sued because defendant Thomas did not issue any policy of insurance to Plaintiff and had no relationship, contractual or otherwise, with Plaintiff. ***See* Exhibit A**. Therefore, the joinder of Thomas does not defeat diversity jurisdiction under 28 U.S.C. § 1332. Upon information and belief, the amount in controversy is in excess of $75,000, exclusive of interest and costs.

5. Venue is proper in Texas because the insured property is located in Dallas, Dallas County, Texas, which is the location where the facts giving rise to this suit took place.

6. In accordance with 28 U.S.C. § 1446 (a), copies of all process, pleadings, and orders that have been served upon Defendants in this action are attached hereto as **Exhibits B-1, B-2, and B-3.** In accordance with the local rules of the Northern District, a certified copy of the docket sheet in the state court action is attached hereto as **Exhibit B-4**. Also in accordance with the local rules of the Northern District, a List of All Counsel of Record is attached as **Exhibit B-5**, a copy of the Notice of Removal filed in State Court is attached hereto as **Exhibit B-6**, an executed Defendants' Consent for Removal of Case to Federal Court is attached hereto as **Exhibit B-7** and the Certificate of Interested Persons is attached hereto as **Exhibit B-8**. These documents are listed in the Index of Matters Being Filed attached as **Exhibit B**.

7. In accordance with 28 U.S.C. § 1446(b), this notice of removal is being filed within 30 days after Defendant received a copy of Plaintiff's Original Petition, from which it was ascertainable that this action could be removed. Furthermore, this notice of removal is being filed within one year of the date this action commenced.

8. In accordance with 28 U.S.C. §1446(d), written notice of the filing of this notice of removal will be promptly served upon all adverse parties, and a copy of this notice of removal promptly will be filed with the Clerk of the District Court of Dallas County, Texas.

9. All defendants join in and consent to this removal as evidenced by the attached Consent.

Defendant respectfully requests that this action be removed to this Court and that this

Court accept jurisdiction of this action and place this action on the docket of this Court for further proceedings as though the action originally had been instituted in this Court.

Respectfully submitted,

GAUNTT & KRUPPSTADT, L.L.P.



By_______________________________
J. Chad Gauntt
State Bar No. 07765990
1400 Woodloch Forest Drive, Suite 575
The Woodlands, Texas 77380
Telephone: 281/367-6555
Telecopier: 281/367-3705
Counsel for Defendants

**CERTIFICATE OF SERVICE**

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on the 11th day of October, 2006.



_______________________________
J. Chad Gauntt

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WEST END SQUARE, LTD. | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. ________________ |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| BOB THOMAS and LAUREEN | § | |
| LEHMAN | § | |
| Defendants | § | |

**BRIEF IN SUPPORT OF REMOVAL OF ACTION**

GAUNTT & KRUPPSTADT, L.L.P.
J. Chad Gauntt
TBN: 07765990
1400 Woodloch Forest Drive, Suite 575
The Woodlands, Texas, 77380
(281)367-6555; (281)367-3705 (fax)
ATTORNEY FOR DEFENDANTS
GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, BOB THOMAS AND LAUREEN LEHMAN

EXHIBIT
Blumberg No. 5208
A

## TABLE OF CONTENTS


APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATUTORY AUTHORITY & RULES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Alleged Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Independent Adjusters owe no duty to Insureds . . . . . . . . . . . . . . . . . . . . 6

Specific Actionable Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## APPENDIX

Affidavit of Laureen Lehman . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit A

Affidavit of Bob Thomas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit B

New Loss Assignment to Bob Thomas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit C

## INDEX OF AUTHORITIES
### Case Law


*Ardila v. State Farm Lloyds*, 2001 WL 34109378, (S.D. Tex. 2001) . . . . . . . . . . . . . . . . . . . . 9

*B., Inc. v. Miller Brewing Company*, 663 F.2d 545 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . 5

*Bui v. St. Paul Mercury Insurance Co.*, 981 F.2d. 209, 210 (5th Cir. 1993) . . . . . . . . . . . . . . . . 8

*Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 60 (1990)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

C. Wright, *Law of Federal Courts*, § 31 (2d ed. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Dear v. Scottsdale Insurance Co.*, 947 S.W.2d 908 (Tex. App. – Dallas 1997, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . 4, 10

*Hansen v. State Farm Lloyds*, 2001 WL 34109375 (S.D. Tex. 2001) . . . . . . . . . . . . . . . . . . . . 9

*Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Muniz v. State Farm Lloyds*, 974 S.W.2d 229, 235-236 (Tex. App.– San Antonio 1998, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Vargas v. State Farm Lloyds,* 216 F. Supp.2d 840 (S.D. Tex. 2001) . . . . . . . . . . . . . . . . . . . . 9

**Statutory Authority & Rules**

28 USC § 1332(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C.A. § 1441(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Bus. & Comm. Code Ann. § 17.50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tex. Ins. Code art. 541 (formerly Art. 21.21) . . . . . . . . . . . . . . . . . . . . . . . . 9

Tex. Ins. Code art. 541.051 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tex. Ins. Code art. 541.060 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WEST END SQUARE, LTD. | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. ________________ |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| BOB THOMAS and LAUREEN | § | |
| LEHMAN | § | |
| Defendants | § | |

**BRIEF IN SUPPORT OF REMOVAL OF ACTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, BOB THOMAS AND LAUREEN LEHMAN, Defendants, and submit the following brief in support of removal of this action:

**INTRODUCTION**

1. Defendants submit this brief with respect to the following issue: Whether Defendant Bob Thomas (hereinafter "Thomas") has been fraudulently joined in this action. Defendants contend that Thomas has been fraudulently joined in this action and that his citizenship should be disregarded by the Court in determining whether the Court has diversity jurisdiction over this action.

2. There is clear diversity between the Plaintiff and defendants Great American Insurance Company of New York (hereinafter "Great American") and Laureen Lehman (hereinafter "Lehman"). Great American is a New York corporation with its principal place of business in Cincinnati, Ohio. *See* Exhibit A, Affidavit of Laureen Lehman. Defendant Lehman is a resident of the State of Ohio. *See* Exhibit A. Further, upon information and belief, Plaintiff, West End Square, Ltd. (hereinafter

"West End") is a Texas limited partnership with its principal place of business in Dallas County, Texas at the time this suit was filed. *See* 28 USC § 1332(a). Additionally, the Defendants believe that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Accordingly, considering only the citizenships of plaintiff and Great American and Lehman, all of the requirements for Federal diversity of citizenship jurisdiction have been met. Although Thomas is a resident of the State of Texas, his citizenship is irrelevant to the Court's determination of diversity of citizenship because, as will be demonstrated herein, Thomas is not a proper party to this lawsuit.

**BACKGROUND**

4. Defendant Great American issued a policy of insurance to Plaintiff, West End, which provided coverage for certain damage to a building located at 804 Pacific, Dallas, Texas, which is owned by West End. West End alleges that this building sustained covered damage as a result of rain storms. Specifically, plaintiff alleges that the roof of the building leaked and/or collapsed, permitting the entry of water into the interior of this 100 year old building, causing water damage and rot in the facility. Great American acknowledges that, at some point in time, the roof of this facility did collapse. However, to date, Great American has been unable to determine what damage to the building, if any, was caused by the roof collapse or any other roof penetration occurring during Great American's policy periods. Through the course of its investigation, Great American has determined that at least a portion, if not all, of the damage to the West End building appears to have been pre-existing and pre-dated the issuance of the insurance policy which forms the basis of this lawsuit. Therefore, Great American believes it is possible most, if not all, of the damage which forms the basis of this claim is either outside the coverage of its policy or is excluded from coverage. However, to date, due largely to the Plaintiff's failure to cooperate, Great American has been unable to complete its investigation and, therefore, is not yet in a position to make a final determination with respect to

this claim.

5. In order to obtain local assistance in gathering information to investigate the Plaintiff's claims, Great American retained the services of an independent adjuster – Defendant Thomas. *See* Exhibit A. Thomas is not an employee of Great American but, rather, is employed by Central Insurance Adjusters. *See* Exhibit B. Although the claim which forms the basis of this lawsuit was being adjusted by employees of Great American in Ohio, it was helpful to enlist the assistance of an individual in Texas to gather local information relating to the loss. Therefore, on September 27, 2005, Thomas was engaged in this role. However, his engagement was very specific and limited and, by the express terms of the engagement, Thomas was precluded from addressing coverage issues, or communicating any claim determinations with the insured such as coverage analysis, reservation of rights or coverage decisions. *See* Exhibits A, B & C. Thomas accepted the assignment, attempted to perform the assigned tasks and periodically transmitted to Great American any data or information he gathered pertaining to the claims. *See* Exhibit B.

6. Over the subsequent months, Great American attempted to obtain from its insured information that would permit it to make a determination regarding any coverage for the submitted loss but, to date, has been unable to do so. Finally, after being unable to confirm the scope or extent of the insured's alleged loss, Great American requested, pursuant to the terms of its policy, that representatives of the insured submit to examinations under oath. Shortly after this request, suit was filed against Great American, Lehman and Thomas. Plaintiff has not complied with Great American's request for examinations under oath.

7. The Plaintiff sued Defendants in the 116th Judicial District Court in Dallas County in an action styled: *West End Square, Ltd. v. Great American Insurance Company of New York, Bob Thomas and Laureen Lehman,* Cause No. 06-09378 ("the state court action") alleging that these

Defendants improperly adjusted and refused payment of Plaintiff's claims. Defendants then timely removed this action to this United States District Court for the Northern District of Texas, Dallas Division.

## ARGUMENT AND AUTHORITIES

8. Generally, the requirement of complete diversity between Plaintiff and Defendants is fully applicable to cases removed from state court to federal court on the basis of diversity of citizenship. 28 U.S.C.A. § 1441(b). However, when non-diverse Defendants are joined as parties to the state action for the purpose of depriving the federal court of its diversity jurisdiction, the joinder is fraudulent and will not prevent removal of the cause from state court to federal court. *See, e.g., Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 60 (1990). A joinder determined to be fraudulent requires the federal court to disregard the citizenship of the non-diverse defendants for purposes of determining the propriety of removal. C. Wright, *Law of Federal Courts*, § 31 (2d ed. 1970).

9. Fraudulent joinder is sufficiently established when it is clear that there can be no recovery on the cause alleged under the substantive law of the state in which the claim was originally filed. *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964). As recently explained by the Fifth Circuit, a court considering whether a party is fraudulently joined should "determine whether there is any reasonable basis for predicting that [plaintiff] may be able to establish [defendant's] liability on the pleaded claims in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

10. Defendants contend that there is no possibility that the alleged causes of action can be successfully maintained against Thomas. There are insurmountable legal and factual impediments to the establishment of a claim against him. In asserting this proposition, the Defendants are mindful

of the standard set forth in *Carriere v. Sears, Roebuck and Company*, 893 F.2d (5th Cir. 1990), *cert. denied*, 111 S.Ct. 60 (1990) and *B., Inc. v. Miller Brewing Company*, 663 F.2d 545 (5th Cir. 1981).

**<u>Alleged Claims</u>**

11. Plaintiff, in its petition, alleges that Thomas violated the Texas Deceptive Trade Practices Act in the following respects:

> a. Representing to Plaintiff that the insurance policies and Defendants' adjusting and investigative services were of a particular standard, quality or grade when they were of another;
>
> b. Representing that Thomas would properly investigate and pay Plaintiff's claim; and,
>
> c. Breaching an express warranty that the damages caused by a covered peril would be paid.

Plaintiff's Original Petition at p. 7. Plaintiff further alleges Thomas violated sections 541.051 and 541.060 of the Texas Insurance Code by unreasonably delaying Great American's investigation, adjustment and resolution of Plaintiff's claim and failure to pay for the proper repair of Plaintiff's building when liability had become reasonably clear. *Id.* at p. 8. Finally, Plaintiff alleges Thomas is guilty of unfair claim settlement practices in the following respects:

> a. Misrepresenting to a claimant a material fact or policy provision relating to coverage;
>
> b. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;
>
> c. Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff; and,
>
> d. Refusing to pay plaintiff's claim without conducting a reasonable investigation with respect to it.

*Id.* at 8-9.

12. Initially, it should be noted that Plaintiff did not engage or retain the services of defendant Thomas and, therefore, was not a "consumer" of Thomas as that term is defined by the DTPA. *See* Exhibit B. Accordingly, plaintiff has no standing to bring suit against Thomas directly under the DTPA. TEX. BUS. & COMM. CODE §17.50. The only other basis of liability alleged against Thomas by Plaintiff is derived from alleged violations of the Texas Insurance Code.

**<u>Independent Adjusters owe no duty to insureds</u>**

13. As previously discussed, Great American is New York insurance company with its principal office in Cincinnati, Ohio. Similarly, Defendant Lehman, the primary Great American claims adjuster responsible for adjusting Plaintiff's claim, is a citizen and resident of the state of Ohio and maintains her office in Cincinnati, Ohio. Because the insurer and the company's adjuster are both based out of Cincinnati, as so often occurs, they retained the services of a local independent adjusting firm to gather facts and assist in the investigative portion of the claim adjustment process. *See* Exhibit A. However, in so doing, the role of defendant Thomas, the independent adjuster assigned to this file, was strictly limited in scope. Specifically, his assignment was strictly limited to the following: (1) view the loss site; (2) attempt to ascertain the number and causes of loss(es); (3) determine whether repairs at the site were related to the claimed damage; (4) determine whether Plaintiff has attempted to mitigate the loss; and, (5) determine whether mold damage is involved in the claim. *See* Exhibits A, B & C. In exchange for this limited involvement in the claim investigation, Thomas' firm was promised payment in the amount of $850.00. *See* Exhibit C. More importantly, the retention agreement between Great American and Thomas was very specific about what Thomas was not authorized to do on behalf of the company. Thomas was prohibited from: (1) communicating coverage analysis, reservation of rights, or coverage decisions to the policyholder; or, (2) making any decision regarding application of policy coverages. *Id.* Rather, the responsibility

for making coverage decisions, including reservations of rights, and communicating the same to the policyholder was expressly reserved by Great American. *See* Exhibits B and C. From the date of his initial engagement to the date this suit was filed, Thomas has never been authorized by Great American to do anything other than assist in the factual investigation of this claim and has never had any authority to make or convey coverage determinations on behalf of Great American. *See* Exhibits B and C. In spite of this, Thomas has been sued for the very things he was prohibited by Great American from doing, namely, refusing to accept coverage for or pay Plaintiffs' claim.

14. Plaintiff has sued Thomas for allegedly misrepresenting a material fact or policy provision relating to coverage; failing to attempt to effectuate a prompt, fair and equitable settlement of a claim; failing to affirm or deny coverage of a claim to Plaintiff; and, refusing to pay plaintiff's claim without conducting a reasonable investigation with respect to it. However, according to the express terms, conditions and instructions of the agreement between Thomas and Great American, Thomas was expressly forbidden to undertake on behalf of Great American any of the tasks for which he is now sued. As established by Exhibits A, B and C, Thomas was not an employee of Great American and was not authorized, but was, rather, expressly prohibited from communicating information relating to policy coverages or coverage determinations to the insured and was not authorized to make any coverage determinations, especially a determination of whether to accept or deny the claim. Thus, since Thomas had neither express, actual nor implied authority to do any of the things for which he has now been sued, Plaintiff's claims against Thomas simply are not supported by the facts presented in this case or Texas law.

15. Under Texas law, an independent adjuster, retained by an insurer to assist in an investigation, owes its duties to its principal, the insurer, not to the insured. *Dear v. Scottsdale Insurance Co.*, 947 S.W.2d 908 (Tex. App. – Dallas 1997, writ denied). In *Dear*, the plaintiff sued

its insurer, the attorney retained by the insurer to represent the insured and the independent adjusting firm hired by the insurer to investigate the claim, H&G. In affirming the summary judgment granted in favor of H&G, the court of appeals noted:

> We also conclude that H&G, an independent adjusting firm hired exclusively by Scottsdale, had no relationship with, and therefore owed no duty to, [plaintiff]. Absent such a relationship and concomitant duty, H&G could not be liable to [plaintiff] for improper investigation and settlement advice, regardless of whether [plaintiff] phrased his allegations as negligence, bad faith, breach of contract, tortious interference, or DTPA claims.

*Dear*, 947 S.W.2d at 917. In fact, each time a court has been called upon to evaluate the merit of claims of an insured against an independent adjuster, the result has been the same – a finding of no duty. *See*, *Bui v. St. Paul Mercury Insurance Co.*, 981 F.2d. 209, 210 (5th Cir. 1993)("Finally, the district court did not err when it dismissed the Buis' claims against Littleton [the independent adjuster] because Littleton was not a party to the contract and, under the particular facts of this case, owed no duty to the Buis under Texas law); *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994)("[The independent adjusters], because they were not parties to a contract with [the insured] giving rise to a "special relationship," owed [the insured] no duty of good faith and fair dealing"); *Muniz v. State Farm Lloyds*, 974 S.W.2d 229, 235-236 (Tex. App.– San Antonio 1998, no writ)("We therefore find summary judgment was properly granted by the trial court because Haag [the independent investigating engineer] owed no duty to the Munizes.").[1]

16. Because Thomas was retained exclusively by Great American to assist Great American in its investigation of Plaintiff's claims and because Thomas had no relationship, contractual or

---

[1] In spite of extensive research, Defendants were unable to locate a single case applying Texas law where a court affirmed a decision holding an independent adjuster liable to an insured under any theory of liability.

otherwise, with the Plaintiff, Thomas owed no duties to the Plaintiff and, therefore, cannot be liable to it under Texas law.

**Specific Actionable Conduct**

17. Although it is has been established that an insured can assert a claim against an agent or adjuster of an insurer under Article 541 of the Texas Insurance Code (formerly Article 21.21), Texas law has never recognized such a cause of action against an independent adjuster. However, even if the Court were to conclude that such a claim against an independent adjuster could be maintained under the proper circumstances, in the present case the factual allegations of "specific actionable conduct" against Thomas by plaintiff still fail to support a claim of violation of the Texas Insurance Code. In order to survive a fraudulent joinder analysis with respect to an Insurance Code claim, the plaintiff must allege "specific actionable conduct" against the allegedly improperly joined defendant. *Ardila v. State Farm Lloyds*, 2001 WL 34109378, (S.D. Tex. 2001). *See also, Vargas v. State Farm Lloyds,* 216 F. Supp.2d 840 (S.D. Tex. 2001); *Hansen v. State Farm Lloyds*, 2001 WL 34109375 (S.D. Tex. 2001).

18. With respect to "specific actionable conduct," the *Hansen* court discussed that the plaintiffs could not maintain a claim against their adjuster for violations of the Texas Insurance Code simply by alleging that their adjuster "misrepresented" that their State Farm policy provided coverage for damage caused by plumbing leaks. *Hansen*, 2001 WL 34109375 at 2. Furthermore, in *Ardila*, the court held that the plaintiffs could not maintain a claim against their adjuster for Insurance Code violations because they failed to allege that their adjuster breached a duty owed to them, or that he made a particular misrepresentation. *Ardila*, 2001 WL 34109378 at 2. As such, the *Ardila* and *Hansen* courts declined to remand the respective cases to state court. *Id.* Other courts have also addressed the issue of alleging "specific actionable conduct." These courts have held that merely

mentioning an agent's (or as in this case and adjuster's) name and then failing to state specific actionable conduct against him is not sufficient to state a claim. *See Griggs v. State Farm Lloyds*, 181 F3d 694, 699 (5th Cir. 1999).

19. In this case, Plaintiff's petition does not allege "specific actionable conduct" which was a producing cause of damages. Plaintiff's only complaint against Thomas is that he requested documents, delaying payment of the claim. In other words, Plaintiff's only measure of damages is the alleged failure by Great American to pay its claim.[2] As already established, any determination regarding compensability of Plaintiff's claim was well outside the scope of Thomas' limited assignment from Great American. As in *Griggs v. State Farm Lloyds*, 181 F3d. 694, 702 (5th Cir. 1999), there is no conceivable basis in law or fact upon which Plaintiff's non-specific statements can be construed as actionable representations that caused the injury alleged by Plaintiff.

## CONCLUSION

Based on the above, it is clear that the joinder of Bob Thomas, the independent adjuster, should be disregarded in determining the existence of diversity, and when disregarded, diversity of citizenship clearly exists. No Texas court has recognized a cause of action by an insured against an independent adjuster retained by an insurer to assist it in its investigation of a claim. There is no contract or privity between the insured and the independent adjuster an no other basis upon which to impose a duty. Therefore, there is no reasonable basis for predicting that Thomas may be liable to Plaintiff on the pleaded claims in state court.

---

[2] On page 9 of Plaintiff's Original Petition, Plaintiff also claims to have sustained damages for "additional living expenses while the home is being repaired." Since no home is involved in this claim, the building at issue was not occupied by anyone at the time of this claim and the policy at issue does not provide coverage for "additional living expenses," it is safe to conclude that this allegation was simply a typographical error by counsel for Plaintiff.

## PRAYER

Wherefore, premises considered, Great American Insurance Company of New York, Laureen Lehman and Bob Thomas respectfully request that this Court, upon consideration, detemine that Thomas has been fraudulently joined in this action, disregard his citizenship for purposes of determining federal court jurisdiction and dismiss Plaintiff's claims against Thomas pursuant to Rule 12(b)(6) F.R.C.P.

Respectfully submitted,

GAUNTT & KRUPPSTADT, L.L.P.

By______________________________

J. Chad Gauntt
State Bar No. 07765990
Federal I.D. No. 14135
1400 Woodloch Forest Drive, Suite 575
The Woodlands, Texas 77380
Telephone: 281/367-6555
Telecopier: 281/367-3705
Counsel for Defendants

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on the 11th day of October, 2006.

______________________________

J. Chad Gauntt

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WEST END SQUARE, LTD. | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. ________________ |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| BOB THOMAS and LAUREEN | § | |
| LEHMAN | § | |
| Defendants | § | |

**AFFIDAVIT OF LAUREEN LEHMAN**

| | |
|---|---|
| STATE OF OHIO | § |
| | § |
| COUNTY OF Hamilton | § |

BEFORE ME, on this day personally appeared LAUREEN LEHMAN, who first being duly sworn, did upon his oath depose and say:

"My name is Laureen Lehman. I am of sound mind, over the age of 18 years, competent and capable of making this Affidavit.

1. I am employed as a general adjuster by Great American Assurance Company ("Great American"). I am a resident of the state of Ohio and maintain my only office in Cincinnati, Ohio, where I have responsibility to adjust claims throughout the United States. In order to facilitate the investigation of claims I adjust, I will often retain independent third-party claims adjusters in the region where the claim is pending to assist in gathering information relating to the particular claim I am investigating.

2. I am the adjuster assigned with responsibility to adjust the claims for roof collapse and water damage filed by West End Partners, Ltd. which form the basis of the above-reference lawsuit. Great American Insurance Company of New York (hereinafter "Great American"), the insurer which issued the Plaintiff's insurance policy, is a New York corporation with its principal place of business in

Blumberg No. 5208
EXHIBIT
A

Cincinnati, Ohio. Great American first received notice of the Plaintiff's claim for insurance benefits on or about September 23, 2005. On September 27, 2005, Bob Thomas, with Central Insurance Adjusters (hereinafter "Thomas"), was engaged to provide limited assistance to Great American in gathering information relating to the claim filed by Plaintiff. Specifically, Thomas was tasked to view the insured property where the loss occurred and attempt to ascertain what caused the loss and the possible number of events which contributed to the loss. Thomas was also instructed to attempt to ascertain when the Plaintiff first became aware of the damage which formed the basis of the loss, what repairs, if any, were performed by the insured to correct the damage, whether the insured had taken proper precautions to prevent further loss and whether there was any mold damage at the loss site. This was the extent of his responsibility for this claim. Furthermore, Thomas was to report directly to Great American.

3. Thomas was not at the time, and has never been authorized to address any coverage issues with respect to this claim. In fact, he was expressly instructed to not address coverage issues. Additionally, Thomas has never been authorized to communicate with the insured on behalf of Great American regarding coverage analysis, reservation of rights or coverage decisions. Thomas has never had any responsibility or authority to participate in coverage determinations relating to Plaintiff's claims and has never been authorized to accept or reject the Plaintiff's Claim. These responsibilities are, and have always been, reserved to Great American.

2. I am the custodian of records for Great American with respect to the claim filed by the Plaintiff. Attached to the Brief in Support of Removal as Exhibit C is a true and correct copy of the "New Loss Assignment" forwarded to Thomas for purposes of engaging his services in relation to Plaintiff's claim. This document is a business records maintained by Great American in the regular course and scope of its business operations and is kept by Great American in the regular course of business. Furthermore, it was in the regular course of business of Great American for an employee, expert or representative of Great American, with knowledge of the act, event, condition, opinion, or diagnosis that was recorded therein, to make this record or to transmit the information to be included in this record, or to solicit such records and store them for use by Great American. The record was made at or near the time or reasonably soon after the act, event, condition, opinion, diagnosis that was recorded. The records attached to the Brief in Support of Removal is an exact duplicate of the original."

FURTHER AFFIANT SAYETH NOT.

Laureen Lehman

Laureen Lehman

SUBSCRIBED AND SWORN TO before me on October 1, 2006.

EMILY K. COWLES
Notary Public
In and for the State of Ohio
My Commission Expires
June 18, 2010

Notary Public in and for
the State of Ohio

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WEST END SQUARE, LTD | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO ______ |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| BOB THOMAS and LAUREEN | § | |
| LEHMAN | § | |
| Defendants | § | |

**<u>AFFIDAVIT OF BOB THOMAS</u>**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, on this day personally appeared BOB THOMAS, who first being duly sworn, did upon his oath depose and say.

"My name is Bob Thomas. I am of sound mind, over the age of 18 years, competent and capable of making this Affidavit.

1 I am employed as an multi-lines property and casualty insurance adjuster by Central Insurance. I am not an employee of Great American Insurance Company of New York ("Great American") I was retained on September 27, 2005 and provided notice of this retention by written assignment. Exhibit C attached to Defendants' Brief in Support of Removal is a true and correct of my written retention and assignment. I am not now, and have never been, employed by or a party to a contract with Plaintiff

2 I was engaged to provide limited assistance to Great American in gathering information relating to the claim filed by Plaintiff. Specifically, I was tasked to view the insured property where the loss occurred and attempt to ascertain what caused the loss and the possible number of events which contributed to the loss I was also retained to attempt to ascertain when the Plaintiff first became aware of

EXHIBIT
B
Blumberg No. 5208

the damage which formed the basis of the loss, what repairs, if any, were performed by the insured to correct the damage, whether the insured had taken proper precautions to prevent further loss and whether there was any mold damage at the loss site. This was the extent of my responsibility for this claim Furthermore, I was to report directly to Great American I was neither requested nor permitted to report directly to the Plaintiff.

3 I was not at the time, and have never been authorized to address any coverage issues with respect to this claim In fact, I was expressly instructed to not address coverage issues. Additionally, I have never been authorized to communicate with the insured on behalf of Great American regarding coverage analysis, reservation of rights or coverage decisions. I never had any responsibility or authority to participate in coverage determinations relating to Plaintiff's claims and have never been authorized to accept or reject the Plaintiff's Claim. These responsibilities are, and have always been, reserved to Great American. Pursuant to the scope of my retention, my only communication with the insured was to facilitate the gathering of the information and documentation I was requested by Great American to obtain.

4 I have never had any discussions with Plaintiff or any representative of Plaintiff regarding the coverages provided under their Great American policies I have never discussed the policy terms with Plaintiff or its representatives, have never discussed the timing of any decision by Great American with them and have never discussed any other aspect of Great American's investigation, consideration or determination of this claim with Plaintiff or its representatives. Further, I have had no role or involvement in any coverage or investigative determination or decision made by Great American with respect to Plaintiff's claim. My role in this claim was simply to attempt to gather information I was requested to obtain by my client, Great American, which I did to the best of my ability

5 Central Insurance Adjusters accepted the assignment from Great American in exchange for the promise of payment of $850 00 "

FURTHER AFFIANT SAYETH NOT.

Bob Thomas

SUBSCRIBED AND SWORN TO before me on 3rd October, 2006.

BRANDY BARGAS
Notary Public
STATE OF TEXAS
My Comm. Exp. 09-02-2007

Notary Public in and for
the State of Texas

GREAT AMERICAN.
INSURANCE COMPANIES

**NEW LOSS ASSIGNMENT**

| | | | |
|---|---|---|---|
| **DATE:** | 9/27/05 | **FROM** | Ed Kozlove |
| **# OF PAGES:** | 2 | | Inland Marine Claims |
| **TO:** | Central Ins Adj – Bob Thomas | | PO Box 5440 |
| **FAX NUMBER :** | 817-489-2291 | | Cincinnati, OH 45201 |
| | | | phone: 800-611-7957 |
| | | | fax: 800-811-4751 |

| | |
|---|---|
| **OUR CLAIM NUMBER:** | **571534596** |
| **OUR INSURED:** | West End Square |
| **CONTACT PERSON:** | Robert Hensley 214-871-8887 x 203 |
| **DATE OF LOSS:** | Reported as 5/1/05 |

**PLEASE COMPLETE THE FOLLOWING TASKS:**

| | | | |
|---|---|---|---|
| x | Damage Appraisal | | Salvage - 3 Bids Minimum (Written) |
| x | Photos (6 maximum) | x | Comment on *Subrogation Potential* |
| | Handwritten Statement in Person | | Diagram |
| | Police/Fire Report | x | Insurance to Value Calculations |
| | Recorded Statement ( in – person ) | | |
| | ( Do not transcribe ) | | |

**Additional Instructions** Insured has reported water damage to renovation project at 804 Pacific / Dallas,TX. Insured is not sure when loss occurred or how many events. Repair work has begun. Please view site and determine cause of loss and possible number of events. When was insured first aware of this damage? Is repair work related to this event? Has insd taken proper precautions to prevent further loss? Is there any mold damage? Coverage is Builders Risk Renovation Coverage w/ $2500 deductible. $1,368,000 is amount of insurance on existing structure and $1,000,000 is new construction.)

Please confirm that you can take this assignment

**FEE CAP: $ 850**

**IMPORTANT – SEE ATTACHED ASSIGNMENT GUIDELINES**

EXHIBIT
C

Blumberg No 5208

# IMPORTANT

## Assignment Guidelines

**Time Requirements**:

In-person contact must be made within 48 hours of assignment
Reserve recommendations must be received (including a reasonable and supportable estimate of the loss) within 10 days of assignment (20 days with proper approval).

**Reporting** :

Phone calls to the Great American Adjuster should be made only in the event you have questions or significant developments to report.
Please do not address "coverage" in your written report.

**Scope of Assignment** :

This is only a **LIMITED** assignment. You have been hired to complete only the activity outlined on the attached assignment memo.
Activity completed in addition to that assigned will not be considered on your bill unless it has been pre-approved by the assigned Great American adjuster.
**In no instance will billing amounts in excess of the expense cap on the assignment memo be considered for payment unless the assigned Great American adjuster has agreed a higher amount.**
Please confirm the location of the loss before departing for an inspection.

**Unauthorized Activity:**

Telephone statements. We have the capability to take "phone statements" from our office. You have been assigned to take an "in-person" statement; statements taken by telephone will not be considered on your bill.
Unless otherwise authorized - coverage analysis, reservation of rights, or coverage decisions communicated in any way to the policyholder. Great American expressly reserves the right to make all decisions regarding application of its coverage. This restriction does not include securing a non-waiver agreement per assignment instructions.

**Billing Requirements:**

**In no case must the amount billed exceed the fee cap without the prior approval of Great American. Additional unauthorized sums will not be considered for payment.**
**All bills must be itemized and contain a detailed description of activity for which a bill is being submitted.**

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 1850 |
| CONNECTION TEL | 918174892291 |
| SUB-ADDRESS | |
| CONNECTION ID | |
| ST. TIME | 09/27 13:03 |
| USAGE T | 00'45 |
| PGS. | 2 |
| RESULT | OK |

GREAT AMERICAN
INSURANCE COMPANIES

## NEW LOSS ASSIGNMENT

| | | | |
|---|---|---|---|
| DATE: | 9/27/05 | FROM | Ed Kozlove |
| # OF PAGES: | 2 | | Inland Marine Claims |
| TO: | Central Ins Adj – Bob Thomas | | PO Box 5440 |
| FAX NUMBER : | 817-489-2291 | | Cincinnati, OH 45201 |
| | | | phone: 800-611-7957 |
| | | | fax: 800-811-4751 |

| | |
|---|---|
| OUR CLAIM NUMBER: | 571534596 |
| OUR INSURED: | West End Square |
| CONTACT PERSON: | Robert Hensley 214-871-8887 x 203 |
| DATE OF LOSS: | Reported as 5/1/05 |

**PLEASE COMPLETE THE FOLLOWING TASKS:**

| | | | |
|---|---|---|---|
| x | Damage Appraisal | | Salvage - 3 Bids Minimum (Written) |
| x | Photos (6 maximum) | x | Comment on *Subrogation Potential* |
| | Handwritten Statement in Person | | Diagram |
| | Police/Fire Report | x | Insurance to Value Calculations |
| | Recorded Statement ( in – person ) | | |
| | ( Do not transcribe ) | | |

**Additional Instructions** Insured has reported water damage to renovation project at 804 Pacific / Dallas,TX. Insured is not sure when loss occurred or how many events. Repair work has begun. Please view site and determine cause of loss and possible number of events. When was insured first aware of this damage? Is repair work related to this event? Has insd taken proper precautions to prevent further loss? Is there any mold damage? Coverage is Builders Risk Renovation Coverage w/ $2500 deductible. $1,368,000 is amount of insurance on existing structure and $1,000,000 is new construction.)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WEST END SQUARE, LTD. | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _______________ |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| BOB THOMAS and LAUREEN LEHMAN | § | |

## INDEX OF MATTERS BEING FILED

As required by the Local Rules of the United States District Court for the Northern District of Texas, the following is a list of documents being filed with the Notice of Removal:

1. Copy of Citation for Personal Service issued to Defendant, Great American Insurance Company of New York, in the state court action;
2. Copy of Plaintiff's Original Petition, filed with the state court **9/8/2006**;
3. Copy of Defendants' Original Answer, filed with the state court **10/4/2006**;
4. A copy of the state court's docket sheet;
5. A list of all counsel of record;
6. Notice of Removal filed with State Court;
7. Defendant's Consent to Removal of Case to Federal Court; and
8. Certificate of Interested Persons.



Blumberg No. 5208
EXHIBIT
B

9.12.06
3:59p
50299

FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

**To: GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, BY SERVING THROUGH ITS AGENT FOR SERVICE, CT CORPORATION SYSTEM**
**350 NORTH ST. PAUL STREET**
**DALLAS, TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Dallas, Texas 75202.
Said Plaintiff being **WEST END SQUARE LTD**

Filed in said Court **on this the 8th day of September, 2006** against

**GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, ETAL**

For suit, said suit being numbered **DC-06-09378-F**, the nature of which demand is as follows:
Suit On DEBT/CONTRACT etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.
WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this **11th day of September, 2006**

ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas, County, Texas

By [signature], Deputy
**EVETTE LAMB**

DISTRICT COURT OF DALLAS COUNTY, TEXAS

**ATTY**

# CITATION

No. : **DC-06-09378-F**

**WEST END SQUARE, LTD.**
**vs.**
**GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, ETAL**

ISSUED
**on this the 11th day of September, 2006**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

By **EVETTE LAMB,** Deputy

Attorney for Plaintiff
**ROBERT N. GRISHAM, II**
**5910 N. CENTRAL EXPWY**
**SUITE 750**
**DALLAS, TX 75206**
**214-522-0291**

Blumberg No. 5208
EXHIBIT
B-1

CAUSE NO. 06-09378

FILED 2006 SEP PH 5:27 DISTRICT CLERK DALLAS CO. TEXAS DEPUTY

| | | |
|---|---|---|
| **WEST END SQUARE, LTD.** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **GREAT AMERICAN INSURANCE** | § | |
| **COMPANY OF NEW YORK,** | § | |
| **BOB THOMAS and LAUREEN LEHMAN** | § | E-116th |
| **Defendants.** | § | **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES WEST END SQUARE, LTD. ("Plaintiff"), complaining of GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, BOB THOMAS and LAUREEN LEHMAN ("Defendants") and files this Plaintiff's Original Petition and for cause of action would respectfully show unto the Court and Jury the following:

### I. PARTIES AND SERVICE

a. Discovery is intended to be conducted under Level Two of TRCP 190.

b. Plaintiff is a limited partnership authorized to conduct business in the State of Texas.

c. GREAT AMERICAN INSURANCE COMPANY OF NEW YORK ("Great American") is a licensed insurance company authorized to engage in the insurance business in the State of Texas and may be served with process through its registered agent for service, CT Corporation System, 350 St. Paul, Dallas, Texas 75201.

d. BOB THOMAS is an individual that may be served with process at Central Insurance Adjusters, P.O. Box 612623, Dallas, Texas 75261.

e. LAUREEN LEHMAN is an individual that may be served with process at Great American Insurance Group, 49 East Fourth Street, Dixie Terminal South Building, Suite 500, Cincinnati, Ohio 45202-3803.



EXHIBIT B-2

Blumberg No 5208

PAGE 7/17 * RCVD AT 10/3/2006 8:40:09 AM [Eastern Daylight Time] * SVR:CVGFAX01/0 * DNIS:3451360 * CSID:513 345 6485 * DURATION (mm-ss):02-38

## II. JURISDICTION AND VENUE

The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. The Court has venue over Defendants because all or a substantial part of events giving rise to the claim took place in Dallas County, Texas.

## III. REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are hereby requested to disclose, to Plaintiff, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(k).

## IV. BACKGROUND FACTS

This suit relates to Defendants' failure to timely and properly investigate and pay Plaintiff's insurance claim resulting from roof damage and/or damage caused by roof collapse. Plaintiff is the owner of a building located at 804 Pacific, Dallas, Texas insured by policies issued by Defendant Great American on the relevant dates of loss. The building sustained structural and cosmetic damages caused by roof collapses. Great American processed the claim, however has failed and refused to pay the claim.

Plaintiff purchased insurance coverage from Defendant Great American. All premium payments required to be paid for the policies were paid and the policies were in full force and effect without a lapse during the applicable policy periods. These policies insured Plaintiff's building against risks of damage and physical loss caused by a loss from roof collapse and/or water damage.

Plaintiff sustained two losses due to roof collapse. These losses were reported to Defendant Great American and claims filed under policy number IMP 659197701 and investigated as claim number 571534596. Defendants Laureen Lehman and Bob Thomas were assigned to investigate this loss on behalf of Defendant Great American.



PAGE 8/17 * RCVD AT 10/3/2006 8:40:09 AM [Eastern Daylight Time] * SVR:CVGFAX01/0 * DNIS:3451360 * CSID:513 345 6485 * DURATION (mm-ss):02-38

After reporting this loss, Defendants Lehman and Thomas made several requests for information from the Plaintiff over a period in excess of one year. This includes requesting Plaintiff to provide certain documentation relative to the damages sustained in the losses. Plaintiff has provided such documentation time and time again, only to have Defendants Great American, Lehman and Thomas make additional requests for information. Such additional requests for information were unreasonable and amount to an intentional delay in processing this claim. Further, Plaintiff has allowed Defendants the opportunity to inspect the premises and has complied with all requests for information. Plaintiff has also permitted Defendants' agents and/or investigators with an opportunity to inspect the building at issue. Such inspections have allowed Defendants the opportunity to view the damage and make a determination regarding the cause of loss and amount of loss.

Defendants Lehman and Thomas have investigated this claim for over one year, however have failed to pay the claim. Despite the fact that this claim is clearly owed, Defendants Great American, Lehman and Thomas have all delayed and denied payment of the claim for an unreasonable time, necessitating the filing of this Petition.

## V. Plaintiff's Causes of Action Against Great American

### A. Breach of Contract

Plaintiff reasserts and incorporates by reference all of the facts and allegations set forth above. Plaintiff would show that the insurance policy purchased from Defendant Great American was in full force and effect at the time of the discovery of the roof collapse and damage to the building. Among the perils that the policy insures against are damages from roof collapse and any resulting damage to the building. The policy provides that if such a loss occurs due to an insured peril, as involved in this case, the insurance carrier will pay the insured the cost of repair or



PAGE 9/17 * RCVD AT 10/3/2006 8:40:09 AM [Eastern Daylight Time] * SVR:CVGFAX01/0 * DNIS:3451360 * CSID:513 345 6485 * DURATION (mm-ss):02-38

replacement of the damaged structure to the condition it was in prior to the loss. Plaintiff would show that the claim at issue was reported timely or promptly after discovery and submitted to Defendant for payment. Notice of Claim was given to Defendant in accordance with the terms of the policy and Defendant accepted Plaintiff's notice of claim for damages and acknowledged same in writing. Defendant processed the claim, but has refused and failed to fully pay the claim according to its obligations under the contract of insurance, and by failing has breached the contract.

## B. COMMON LAW CAUSE OF ACTION

Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Defendant Great American breached the duty of good faith and fair dealing by unreasonably failing to pay the insurance policy benefits and by failing to conduct an adequate and reasonable investigation. Defendant's basis for failing to pay the claimed insurance benefits was unreasonable, and Defendant knew or should have known that its basis for such failure was unreasonable. Defendant failed to comply with the duty of good faith and fair dealing by delaying and denying Plaintiff's claim for benefits when it knew or should have known that it was reasonably clear that the claim was covered. Such failure to comply with the duty of good faith and fair dealing was a proximate cause of the damage to Plaintiff for which this suit is brought.

## C. DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant Great American under the provisions of the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Great American.

By its acts, omissions, failures and conduct that are described in this petition, Defendant Great American violated Sections 17.46 of the DTPA. In this respect, these violations include, without limitation, its unreasonable delays in the investigation, adjustment and resolution of

Plaintiff's claim and its failure to pay for the proper repair of Plaintiff's building when liability had become reasonably clear. Specifically, Defendant Great American violated the DTPA in the following respects:

1. Defendant Great American represented to Plaintiff that the insurance policies and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

2. Defendant Great American represented to Plaintiff that the insurance policies and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

3. Defendant Great American represented to Plaintiff that the insurance policies and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

4. Defendant Great American represented it would pay to repair the damages caused by a covered peril and then not doing so, violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

5. Defendant Great American breached an express warranty that the damage to the structure would be covered under the insurance policies at issue. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and 17.50 (a)(2) of the DTPA;

6. Defendant Great American engaged in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

7. Defendant Great American's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions and failures of Defendant were relied upon by Plaintiff to its detriment and were a proximate and producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition.



PAGE 11/17 * RCVD AT 10/3/2006 8:40:09 AM [Eastern Daylight Time] * SVR:CVGFAX01/0 * DNIS:3451360 * CSID:513 345 6485 * DURATION (mm-ss):02-38

## D. TEXAS INSURANCE CODE VIOLATIONS

Plaintiff incorporates all of the allegations in this petition for this cause of action against Defendant Great American under the provisions of the Texas Insurance Code. Plaintiff has met all conditions precedent to bringing this cause of action against this Defendant.

By its acts, omissions, failures and conduct, Defendant has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this Petition plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair of Plaintiff's building when liability had become reasonably clear. Specifically, Defendant Great American is guilty of the following unfair insurance practices:

1. Defendant Great American engaged in false, misleading and deceptive acts or practices in the business of insurance in this case;

2. Defendant Great American engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

3. Defendant Great American engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060.(2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

4. Defendant Great American engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (3) of the Texas Insurance Code by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

5. Defendant Great American engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and in Section 541.060 (4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder;



PAGE 12/17 * RCVD AT 10/3/2006 8:40:09 AM [Eastern Daylight Time] * SVR:CVGFAX01/0 * DNIS:3451360 * CSID:513 345 6485 * DURATION (mm-ss):02-38

6. Defendant Great American engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and,

7. Defendant Great American engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (1) of the Texas Insurance Code by misrepresenting the insurance policy by making an untrue statement of material fact.

All of the above-described acts, omissions and failures of Defendant were relied upon by Plaintiff to its detriment and were a proximate and producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition.

## VI. Plaintiff's Causes of Action Against Laureen Lehman and Bob Thomas

### A. Deceptive Trade Practices Act Violations

Plaintiff incorporates all of the allegations in this petition for this cause of action against Defendants Laureen Thomas and Bob Thomas under the provisions of the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against this Defendant

By their acts, omissions, failures and conduct that are described in this petition, Defendants Lehman and Thomas violated provisions of the DTPA. Specifically, Defendants Lehman and Thomas violated the DTPA in the following respects:

1. Defendants Lehman and Thomas represented to Plaintiff that the insurance policies and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

2. Defendants Lehman and Thomas representation that they would properly investigate and pay Plaintiff's claim and then not doing so, violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

3. Defendants Lehman and Thomas breached an express warranty that the damages caused by a covered peril would be paid. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and 17.50 (a)(2) of the DTPA; and



PAGE 13/17 * RCVD AT 10/3/2006 8:40:09 AM [Eastern Daylight Time] * SVR:CVGFAX01/0 * DNIS:3451360 * CSID:513 345 6485 * DURATION (mm-ss):02-38

4. The conduct, acts, omissions and failures of Defendants Lehman and Thomas, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions and failures of Defendant Laureen Lehman and Bob Thomas were relied upon by Plaintiff to its detriment and were a proximate and producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition.

## B. Texas Insurance Code Violations

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants Lauren Lehman and Bob Thomas under the provisions of the Texas Insurance Code. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants Lehman and Thomas.

By their acts, omissions, failures and conduct, Defendants Lehman and Thomas engaged in unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, Defendants' unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's building when liability had become reasonably clear. Specifically, Defendants are guilty of the following unfair insurance practices:

1. Defendants Lehman and Thomas engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

2. Defendants Lehman and Thomas engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;



PAGE 14/17 * RCVD AT 10/3/2006 8:40:09 AM [Eastern Daylight Time] * SVR:CVGFAX01/0 * DNIS:3451360 * CSID:513 345 6485 * DURATION (mm-ss):02-38

3. Defendants Lehman and Thomas engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and in Section 541.060 (4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder; and

5. Defendants Lehman and Thomas engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

All of the above-described acts, omissions and failures of Defendants were relied upon by Plaintiff to its detriment and were a proximate and producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition.

## VII. Violation of Prompt Payment of Claims Act

Plaintiff would show that Defendant Great American violated the Prompt Payment of Claims Act, Section 542.051, Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate and pay the claims at issue. Accordingly, Plaintiff is entitled to the relief set forth in Section 542.060 of the act.

## VIII. Damages

The above described acts, omissions, failures and conduct of Defendants caused Plaintiff's damages which include, without limitation, and the cost to properly and fully repair the building at issue. It also includes additional living expenses while the home is being repaired. Plaintiff is entitled to recover the amount of the claim plus an 18% per annum penalty on the claim against Defendant Great American as damages under the Prompt Payment of Claims Act. All the damages described in this petition are within the jurisdictional limits of the Court.

## IX. Additional Damages

Defendants Great American, Lauren Lehman and Bob Thomas knowingly and intentionally committed deceptive trade practices and unfair insurance practices as those terms are defined in the



PAGE 15/17 * RCVD AT 10/3/2006 8:40:09 AM [Eastern Daylight Time] * SVR:CVGFAX01/0 * DNIS:3451360 * CSID:513 345 6485 * DURATION (mm-ss):02-38

applicable statutes. Because of such conduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by the Texas Insurance Code.

## X. EXEMPLARY DAMAGES

Defendant Great American's actions were committed knowingly and intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant Great American constitutes the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XI. ATTORNEY'S FEES

Plaintiff has engaged the services of the below-signed attorney. Plaintiff seeks attorney's fees for the prosecution of this suit pursuant to Sec. 17.50(d) of the TEXAS BUSINESS AND COMMERCE CODE, Sec. 542.062 and 542.051, Subchapter B of the Texas Insurance Code and Sec. 38.001 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

## XII. JURY DEMAND

Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff respectfully requests that this case be tried before a jury.



PAGE 16/17 * RCVD AT 10/3/2006 8:40:09 AM [Eastern Daylight Time] * SVR:CVGFAX01/0 * DNIS:3451360 * CSID:513 345 6485 * DURATION (mm-ss):02-38

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer, and that upon final jury trial, that Plaintiff be awarded damages as set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorney's fees for the trial and any subsequent appeal of this case, pre-judgment interest, post-judgment interest, those damages authorized by the TEXAS INSURANCE CODE and the TEXAS BUSINESS AND COMMERCE CODE, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

Robert N. Grisham, II
SBN: 00792550
Law Offices of Robert N. Grisham, II
5910 N. Central Expressway
Premier Place - Suite 750
Dallas, Texas 75206
Telephone: (214) 522-0291
Facsimile: (214) 522-0296

Jay J. Murray
SBN: 00792985
Law Office of Jay J. Murray, P.C.
1347 19th Street
Plano, Texas 75074
Telephone: 972-578-3803
Facsimile: 972-578-3804

George A. Pelletier
SBN: 15732000
George A. Pelletier & Associates
2512 State Street
Dallas, Texas 75201-2032
Telephone: 214-855-1420
Facsimile: 214-953-0054

**ATTORNEYS FOR PLAINTIFF**



PAGE 17/17 * RCVD AT 10/3/2006 8:40:09 AM [Eastern Daylight Time] * SVR:CVGFAX01/0 * DNIS:3451360 * CSID:513 345 6485 * DURATION (mm-ss):02-38

Filed
06 October 4 P1:50
Jim Hamlin
District Clerk
Dallas District

Cause No. DC-06-09378-F

| | | |
|---|---|---|
| WEST END SQUARE, LTD.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§<br>§ | DALLAS COUNTY, T E X A S |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, BOB THOMAS and LAUREEN LEHMAN<br>Defendants. | §<br>§<br>§<br>§ | 116TH JUDICIAL DISTRICT |

**DEFENDANTS' ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, BOB THOMAS and LAUREEN LEHMAN, Defendants in the above-styled and numbered cause, and file this their Original Answer:

1. Defendants assert a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and upon trial of this case will require Plaintiff to prove each and every allegation asserted against Defendants by a preponderance of the evidence, as is required by the laws of this State of Texas and the Constitution of the United States.

2. The Plaintiff has failed to state any claim against Defendants upon which relief can be granted.

3. Defendants BOB THOMAS and LAUREEN LEHMAN specifically plead that they cannot be liable in the capacity in which they have been sued because neither of these defendants issued any policy of insurance to Plaintiff or had any other contractual relationship with Plaintiff. Further, BOB THOMAS did not adjust the claim which forms the basis of this lawsuit, was not



EXHIBIT
B-3
Blumberg No. 5208

involved in retaining any of the consultants that assisted in the investigation of this claim, and was not involved, in any manner, in the decision whether to pay or deny this claim.

4. Defendants deny that they have, at any time, acted toward the Plaintiff in bad faith or have in any way breached any duty of good faith and fair dealing owed to the Plaintiff.

5. Defendants deny that they have violated any provision of Section 541.051 or Section 541.060 of the Texas Insurance Code in the handling of the Plaintiff's claim for insurance proceeds.

6. Defendants deny that they have, at any time, breached the contract of insurance of Plaintiff.

7. Defendants deny that they have, in any manner, violated any provision of the Texas Deceptive Trade Practices Act.

8. Defendants deny that they have, in any manner, "knowingly" committed false misleading and deceptive acts, practices and/or omissions as provided by Section 17.45(9) of the Texas Business and Commerce Code, and as such, Defendants have not violated any statutory or regulatory obligation it may have to the Plaintiff's claim for fraud/negligent misrepresentation.

9. Defendants deny that they have, in any manner, violated any fiduciary duty or responsibility they may owe or have owed to the Plaintiff with regard to the investigation, handling and determination of the Plaintiff's claim for insurance proceeds.

10. Defendants deny that the Plaintiff is entitled to recover attorney's fees, as there has been no breach of the insurance contract issued by Defendants by virtue of the handling of the Plaintiff's claim for insurance benefits. In addition, Defendants have not violated any statutory or regulatory obligation it may have to the Plaintiff that would give rise to a claim for recovery of attorneys' fees.

11. Defendants would further show that the Plaintiff's actions brought pursuant to the Texas Insurance Code and Texas Deceptive Trade Practices Act are groundless and brought in bad faith, or in the alternative, brought for purposes of harassment. As such, the Plaintiff is in violation of Article 21.21, Section 16(c) of the Texas Insurance code and Section 17.50(c) of the Texas Deceptive Trade Practices Act, and Defendants are, therefore, entitled to recover their reasonable and necessary attorneys' fees and costs in defending against these particular claims.

12. An award of exemplary damages against Defendants would violate the substantive and procedural due process provisions of the Texas and United States Constitutions, as well as the open courts and excessive fines provision of the Texas Constitution. Moreover, as a matter of state and federal constitutional law and/or sound public policy, any finding in support of an award of exemplary damages must be based upon clear and convincing evidence, not a mere preponderance of the evidence.

13. Defendants plead that the provisions of Chapter 41 of the Texas Civil Practices and Remedies Code are applicable and which govern, limit, cap, and otherwise apply to the exemplary damages, if any, that Plaintiff may seek or attempt to recover.

14. Plaintiff's claims are not ripe because Plaintiff has failed to comply with conditions precedent to recovery under the policy. Specifically, the policy upon which this lawsuit is based requires a party seeking coverage to produce records and documents requested by the insurer, submit satisfactory proof of loss and, as often as reasonably required, submit to examinations under oath. Although all of the above have been requested, Plaintiff has failed to fully comply with any of these conditions and, therefore, is prohibited from proceeding with this action under the terms of the

Policy and Texas law. The Court should abate this action until there has been full compliance with all the terms and conditions of the Policy which forms the basis of this lawsuit.

15. Plaintiff has failed to comply with the notice requirements prescribed by Chapter 17 Tex. Bus. & Comm. Code and Chapter 541 Tex. Ins. Code. Therefore, the Court should abate this case for a period of 60 days following Defendants' receipt of sufficient notice in compliance with the requirements of these chapters.

Defendants, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, BOB THOMAS and LAUREEN LEHMAN, therefore pray for a take nothing judgment, for all their costs, and for all other relief to which they may show themselves justly entitled.

Respectfully submitted,

GAUNTT & KRUPPSTADT, L.L.P.

By________________________________

J. Chad Gauntt
State Bar No. 07765990
1400 Woodloch Forest Drive, Suite 575
The Woodlands, Texas 77380
Telephone: 281/367-6555
Telecopier: 281/367-3705
Counsel for Defendants

**CERTIFICATE OF SERVICE**

This pleading was served in compliance with Rules 21 and 21 a of the Texas Rules of Civil Procedure on October 4, 2006.

J. Chad Gauntt

# VERIFICATION

I hereby state that every statement contained in Paragraph 3 of the foregoing original answer are true and correct, and unless otherwise indicated are within my personal knowledge. I further acknowledge my obligation to amend these statements when further information becomes available.

Laureen Lehman
General Adjuster
Great American Insurance Company
of New York

THE STATE OF OHIO §
§
COUNTY OF Hamilton §

BEFORE ME, the undersigned notary public, on this day personally appeared Laureen Lehman, in her capacity of General Adjuster of Great American Insurance Company of New York, who, after being duly sworn, stated under oath that she has read the above original answer; that every statement contained in Paragraph 3 of the original answer is within his person knowledge or based upon information and belief and is true and correct.

SUBSCRIBED AND SWORN TO before me by Laureen Lehman on 4th day of october ________________, 2006.

Notary Public in and for
The State of Ohio

Joseph F. CAito
Printed Name of Notary

My Commission Expires: 2/27/10

NOTARY PUBLIC STATE OF OHIO
JOSEPH F. CAITO
Notary Public, State of Ohio
My Commission Expires
February 27, 2010

JIM HAMLIN, DISTRICT CLERK

# CASE SUMMARY

## CASE NO. DC-06-09378

| | | | |
|---|---|---|---|
| WEST END SQUARE LTD<br>vs.<br>GREAT AMERICAN INSURANCE COMPANY OF NEW YORK | §<br>§<br>§<br>§<br>§ | Location:<br>Judicial Officer:<br>Filed on: | **116th District Court**<br>**FROST, ROBERT**<br>**09/08/2006** |

### CASE INFORMATION

Case Type: **DEBT/CONTRACT**
Case Flags: **JURY DEMAND FILED**

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | **WEST END SQUARE LTD** | **GRISHAM, ROBERT N** 214-987-0098 |
| **DEFENDANT** | **GREAT AMERICAN INSURANCE COMPANY OF NEW YORK**<br>*BY SERVING THROUGH ITS AGENT FOR SERVICE*<br>*CT CORPORATION SYSTEM*<br>*350 NORTH ST. PAUL STREET*<br>*DALLAS, TX 75201* | |
| | **LEHMAN, LAUREEN**<br>*AT GREAT AMERICAN INSURANCE GROUP*<br>*49 EAST FOURTH ST.*<br>*DIXIE TERMINAL SOUTH BUILDING, STE 500*<br>*CINCINNATI, OH 45202-3803* | |
| | **THOMAS, BOB**<br>*P.O. BOX 612623*<br>*DALLAS, TX 75261* | |

| DATE | EVENTS & ORDERS OF THE COURT | | INDEX |
|---|---|---|---|
| 09/08/2006 | ORIGINAL PETITION (OCA) | | |
| 09/08/2006 | ISSUE CITATION | | |
| 09/08/2006 | JURY DEMAND (OCA)<br>PLAINTIFF WEST END SQUARE LTD | | *Vol./Book J23, Page108, 1 pages* |
| 09/11/2006 | **CITATION**<br>GREAT AMERICAN INSURANCE COMPANY OF NEW YORK | issued | |
| 09/11/2006 | **CITATION**<br>LEHMAN, LAUREEN | issued | |
| 09/11/2006 | **CITATION**<br>THOMAS, BOB | issued | |
| 09/12/2006 | **CITATION**<br>GREAT AMERICAN INSURANCE COMPANY OF NEW YORK | served | |

| DATE | FINANCIAL INFORMATION |
|---|---|

EXHIBIT
Blumberg No. 5208
B-4

JIM HAMLIN, DISTRICT CLERK

# CASE SUMMARY

## CASE NO. DC-06-09378

**PLAINTIFF** WEST END SQUARE LTD

| | |
|---|---|
| Total Charges | 271.00 |
| Total Payments and Credits | 331.00 |
| **Balance Due as of 10/4/2006** | **(60.00)** |

STATE OF TEXAS }
COUNTY OF DALLAS }

I, JIM HAMLIN, Clerk of the District Courts of Dallas County, Texas, do hereby certify that I have compared this Instrument to be a true and correct copy of the original as appears of record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this 4th day of October, A.D., 2006

JIM HAMLIN, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By [signature] Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WEST END SQUARE, LTD. | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. ______________ |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| BOB THOMAS and LAUREEN LEHMAN | § | |

## LIST OF ALL COUNSEL OF RECORD

As required by the Local Rules of the United States District Court for the Northern District of Texas, the following is a list of all counsel of record:

| **Plaintiff's Counsel** | **Defendant's Counsel** |
|---|---|
| Robert N. Grisham<br>Texas State Bar Number 00792550<br>Law Offices of Robert N. Grisham, II<br>5910 N. Central Expressway<br>Premier Place - Suite 750<br>Dallas, TX 75206<br>Telephone: 214/522-0291<br>Facsimile: 214/522-0296<br><br>Jay J. Murray<br>Texas State Bar Number 00792985<br>Law Office of Jay J. Murray, P.C.<br>1347 19th Street<br>Plano, TX 75074<br>Telephone: 972-578-3803<br>Facsimile: 972-578-3804<br><br>George A. Pelletier<br>Texas State Bar Number 15732000<br>George A. Pelletier & Associates<br>2512 State Street<br>Dallas, TX 75201-2032<br>Telephone: 214-855-1420<br>Facsimile: 214-953-0054 | J. Chad Gauntt<br>State Bar No. 07765990<br>Gauntt & Kruppstadt, LLP<br>1400 Woodloch Forest Drive, Suite 575<br>The Woodlands, Texas 77380<br>Telephone: 281/367-6555<br>Facsimile: 281/367-3705 |



EXHIBIT
Blumberg No. 5208
B-5

removal - list of
counsel.wpd

Cause No. DC-06-09378-F

| | | |
|---|---|---|
| WEST END SQUARE, LTD. Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | DALLAS COUNTY, T E X A S |
| | § | |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| BOB THOMAS and LAUREEN LEHMAN | § | |
| Defendants. | § | 116TH JUDICIAL DISTRICT |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Please note that one of the Defendants in this action, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, pursuant to federal law, has filed Notice of Removal with the Clerk of the United States Court for the Northern District of Texas, Dallas Division. A copy of said notice is attached and filed with this document. Accordingly, this action is removed to the United States District Court as of today, October 10, 2006 (date notice is file-stamped). **A copy of the file-stamped Notice of Removal filed in the federal court will be filed in this state court when it has been received by Defendant.**

Therefore, Defendant respectfully requests that this Court proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court.

EXHIBIT B-6 Blumberg No. 5208

Respectfully submitted,

GAUNTT & KRUPPSTADT, L.L.P.

By______________________________

J. Chad Gauntt
State Bar No. 07765990
1400 Woodloch Forest Drive, Suite 575
The Woodlands, Texas 77380
Telephone: 281/367-6555
Telecopier: 281/367-3705
Counsel for Defendants

**CERTIFICATE OF SERVICE**

This pleading was served in compliance with Rules 21 and 21 a of the Texas Rules of Civil Procedure on October 11, 2006.

______________________________
J. Chad Gauntt

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WEST END SQUARE, LTD. | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. ________________ |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| BOB THOMAS and LAUREEN LEHMAN | § | |

**DEFENDANT'S CONSENT TO REMOVAL OF CASE TO FEDERAL COURT**

TO THE HONORABLE JUDGE OF SAID COURT:

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, LAUREEN LEHMAN AND BOB THOMAS, Defendants in the above styled and numbered cause, file this, its consent for the above named and numbered cause to be removed to and be governed by the jurisdiction in federal court, and by their signature below, do so consent.

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK

Laureen Lehman
By: Laureen Lehman
Title: General Adjuster

LAUREEN LEHMAN

Laureen Lehman
By: Laureen Lehman

BOB THOMAS

______________________________
By: Bob Thomas



EXHIBIT
Blumberg No 5208
B-7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WEST END SQUARE, LTD. | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. ________________ |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| BOB THOMAS and LAUREEN LEHMAN | § | |

**DEFENDANT'S CONSENT TO REMOVAL OF CASE TO FEDERAL COURT**

TO THE HONORABLE JUDGE OF SAID COURT:

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, LAUREEN LEHMAN AND BOB THOMAS, Defendants in the above styled and numbered cause, file this, its consent for the above named and numbered cause to be removed to and be governed by the jurisdiction in federal court, and by their signature below, do so consent.

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK

______________________________
By: Laureen Lehman
Title: General Adjuster

LAUREEN LEHMAN

______________________________
By: Laureen Lehman

BOB THOMAS

______________________________
By: Bob Thomas

Respectfully submitted,

GAUNTT & KRUPPSTADT, L.L.P.

By______________________________

J. Chad Gauntt
State Bar No. 07765990
1400 Woodloch Forest Drive, Suite 575
The Woodlands, Texas 77380
Telephone: 281/367-6555
Telecopier: 281/367-3705
Counsel for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WEST END SQUARE, LTD. | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. ________________ |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| BOB THOMAS and LAUREEN LEHMAN | § | |

**CERTIFICATE OF INTERESTED PERSONS**

**Plaintiff**

West End Square, Ltd.

Andrew Kasnatz

**Defendants**

Great American Insurance Company of New York

Bob Thomas

Laureen Lehman

American Financial Group, Inc.

Respectfully submitted,

GAUNTT & KRUPPSTADT, L.L.P.

By______________________________
J. Chad Gauntt
State Bar No. 07765990

1400 Woodloch Forest Drive, Suite 575
The Woodlands, Texas 77380
Telephone: 281/367-6555
Telecopier: 281/367-3705
Counsel for Defendants

EXHIBIT B-8

**CERTIFICATE OF SERVICE**

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on this the 11th day of October, 2006.

J. Chad Gauntt

RECEIVED
OCT 12 2006
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**United States District Court**
**Northern District of Texas**

ORIGINAL

**Supplemental Civil Cover Sheet For Cases Removed From State Court**

3-06CV1871-B

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| **Court** | **Case Number** |
|---|---|
| 116th | DC-06-09378-F |

2. **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| **Party and Party Type** | **Attorney(s)** - See attached list of counsels |
|---|---|
| West End Square, Ltd - Plaintiff | Robert Gresham - 00792550 |
| Great American Insurance Company of New York - Defendant | J. Chad Gauntt - 07765990 |
| Bob Thomas - Defendant | " |
| Laureen Lehman - Defendant | " |

3. **Jury Demand:**

Was a Jury Demand made in State Court? ☑ Yes ☐ No

If "*Yes*," by which party and on what date?

Plaintiff - West End — Party

9/8/2006 — Date

**Supplemental Civil Cover Sheet**
**Page 2**

4. **Answer:**

Was an Answer made in State Court? ☑ Yes ☐ No

If "*Yes*," by which party and on what date?

All Defendants — 10-4-2006

Party — Date

5. **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| **Party** | **Reason(s) for No Service** |
| --- | --- |
| All parties have appeared in State Court Action | |

6. **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| **Party** | **Reason** |
| --- | --- |
| n/a | |

7. **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| **Party** | **Claim(s)** |
| --- | --- |
| Defendants | Plaintiff contends Defendants breached its contract of insurance, violated the Texas DTPA and Insurance Code. & common law duty of good faith and fair dealing by failing to pay Plaintiff's claim. |

B

JS 44 (Rev 11/04)

RECEIVED OCT 12 2006 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

3-06CV1871-B

**I. (a) PLAINTIFFS**

West End Square, Ltd.

**(b)** County of Residence of First Listed Plaintiff Dallas

(EXCEPT IN U S PLAINTIFF CASES)

ORIGINAL

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 214-522-0291

Law Offices of Robert N. Grisham, II
5910 N. Central Expressway, Ste. 750, Dallas, Tx 75206

**DEFENDANTS**

Great American Insurance Company of New York
Bob Thomas
Laureen Lehman

County of Residence of First Listed Defendant State of Ohio

(IN U S PLAINTIFF CASES ONLY)

NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)

J. Chad Gaunt Gaunt & Kruppstadt LLP,
1400 Woodloch Forest Drive, Ste 575, The Woodlands, TX 77380, 281-367-6555

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ❒ 1 U S Government Plaintiff
- ❒ 3 Federal Question (U S Government Not a Party)
- ❒ 2 U S Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❒ 1 | Incorporated or Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated and Principal Place of Business In Another State | ❒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☒ 110 Insurance
- ❒ 120 Marine
- ❒ 130 Miller Act
- ❒ 140 Negotiable Instrument
- ❒ 150 Recovery of Overpayment & Enforcement of Judgment
- ❒ 151 Medicare Act
- ❒ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ❒ 153 Recovery of Overpayment of Veteran's Benefits
- ❒ 160 Stockholders' Suits
- ❒ 190 Other Contract
- ❒ 195 Contract Product Liability
- ❒ 196 Franchise

**REAL PROPERTY**
- ❒ 210 Land Condemnation
- ❒ 220 Foreclosure
- ❒ 230 Rent Lease & Ejectment
- ❒ 240 Torts to Land
- ❒ 245 Tort Product Liability
- ❒ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ❒ 310 Airplane
- ❒ 315 Airplane Product Liability
- ❒ 320 Assault, Libel & Slander
- ❒ 330 Federal Employers' Liability
- ❒ 340 Marine
- ❒ 345 Marine Product Liability
- ❒ 350 Motor Vehicle
- ❒ 355 Motor Vehicle Product Liability
- ❒ 360 Other Personal Injury

PERSONAL INJURY
- ❒ 362 Personal Injury - Med Malpractice
- ❒ 365 Personal Injury - Product Liability
- ❒ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ❒ 370 Other Fraud
- ❒ 371 Truth in Lending
- ❒ 380 Other Personal Property Damage
- ❒ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ❒ 441 Voting
- ❒ 442 Employment
- ❒ 443 Housing/ Accommodations
- ❒ 444 Welfare
- ❒ 445 Amer w/Disabilities - Employment
- ❒ 446 Amer w/Disabilities - Other
- ❒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ❒ 510 Motions to Vacate Sentence

Habeas Corpus:
- ❒ 530 General
- ❒ 535 Death Penalty
- ❒ 540 Mandamus & Other
- ❒ 550 Civil Rights
- ❒ 555 Prison Condition

**FORFEITURE/PENALTY**
- ❒ 610 Agriculture
- ❒ 620 Other Food & Drug
- ❒ 625 Drug Related Seizure of Property 21 USC 881
- ❒ 630 Liquor Laws
- ❒ 640 R R & Truck
- ❒ 650 Airline Regs
- ❒ 660 Occupational Safety/Health
- ❒ 690 Other

**LABOR**
- ❒ 710 Fair Labor Standards Act
- ❒ 720 Labor/Mgmt Relations
- ❒ 730 Labor/Mgmt Reporting & Disclosure Act
- ❒ 740 Railway Labor Act
- ❒ 790 Other Labor Litigation
- ❒ 791 Empl Ret Inc Security Act

**BANKRUPTCY**
- ❒ 422 Appeal 28 USC 158
- ❒ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ❒ 820 Copyrights
- ❒ 830 Patent
- ❒ 840 Trademark

**SOCIAL SECURITY**
- ❒ 861 HIA (1395ff)
- ❒ 862 Black Lung (923)
- ❒ 863 DIWC/DIWW (405(g))
- ❒ 864 SSID Title XVI
- ❒ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ❒ 870 Taxes (U S Plaintiff or Defendant)
- ❒ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ❒ 400 State Reapportionment
- ❒ 410 Antitrust
- ❒ 430 Banks and Banking
- ❒ 450 Commerce
- ❒ 460 Deportation
- ❒ 470 Racketeer Influenced and Corrupt Organizations
- ❒ 480 Consumer Credit
- ❒ 490 Cable/Sat TV
- ❒ 810 Selective Service
- ❒ 850 Securities/Commodities/ Exchange
- ❒ 875 Customer Challenge 12 USC 3410
- ❒ 890 Other Statutory Actions
- ❒ 891 Agricultural Acts
- ❒ 892 Economic Stabilization Act
- ❒ 893 Environmental Matters
- ❒ 894 Energy Allocation Act
- ❒ 895 Freedom of Information Act
- ❒ 900 Appeal of Fee Determination Under Equal Access to Justice
- ❒ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

❒ 1 Original Proceeding ☒ 2 Removed from State Court ❒ 3 Remanded from Appellate Court ❒ 4 Reinstated or Reopened ❒ 5 Transferred from another district (specify) ❒ 6 Multidistrict Litigation ❒ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U S Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**)

Brief description of cause Breach of Contract, Texas Insurance Code and Bad Faith

**VII. REQUESTED IN COMPLAINT:** ❒ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23 **DEMAND $**

CHECK YES only if demanded in complaint **JURY DEMAND:** ☒ Yes ❒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions) JUDGE ______ DOCKET NUMBER ______

DATE 10-11-2006 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG JUDGE ______